IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **RUDOLPH HUBBARD;** | ) | **D.C. CV. No. 2006-179** |
| **TREVOR DORSETT;** | ) | |
| **SCOTT CHAMBERLAIN;** | ) | |
| **JAMES WHITTED;** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES ATTORNEY'S OFFICE,** | ) | |
| **DISTRICT OF THE VIRGIN ISLANDS;** | ) | |
| **ANTHONY JENKINS; JASON T. COHEN;** | ) | |
| **DENISE A. HINDS; KIM CHISOLM;** | ) | |
| **UNITED STATES FEDERAL PUBLIC** | ) | |
| **DEFENDER'S OFFICE, DISTRICT OF** | ) | |
| **THE VIRGIN ISLANDS; THURSTON** | ) | |
| **MCKELVIN; PATRICIA COOKE;** | ) | |
| **MARK HILLSMAN; GEORGE HODGE;** | ) | |
| **and HECTOR LE DEZMS, WARDEN OF** | ) | |
| **THE METROPOLITAN DETENTION** | ) | |
| **CENTER GUAYNABO;** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**Rudolph Hubbard**
        *Pro Se Plaintiff*,

**Trevor Dorsett**
        *Pro Se Plaintiff*,

**Scott Chamberlain**
        *Pro Se Plaintiff*,

**James Whitted**
        *Pro Se Plaintiff*,

**Joycelyn Hewlett, Esq.**
United States Attorney's Office
St. Thomas, VI
        *For the United States of America*.


<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

*Hubbard, et al. v. US Attorneys, et al.*
D.C. CV. NO. 2006-179
Order
Page 2

Plaintiffs Rudolph Hubbard, Trevor Dorsett, Scott Chamberlain, and James Whitted (collectively, "the plaintiffs") initiated this action in a *pro se* Complaint filed on October 16, 2006 pursuant to 42 U.S.C. § 1983 alleging deprivation of their civil rights and seeking injunctive relief pursuant to 28 U.S.C. §§ 2283, 2284 and Rule 65 of the Federal Rules of Civil Procedure.[1]   The government is seeking dismissal of this action.

## I. Facts and Procedural History

The instant Complaint, which was filed pretrial in Dorsett's criminal case and prior to the sentencing of Hubbard, Chamberlain, and Whitted, alleges a multitude of generalized allegations against Defendants in their individual and official capacities.   Plaintiffs allege, among other things:  prosecutorial misconduct; that trial counsel failed to meet with them prior to their trials or guilty pleas; that counsel had a conflict of interest; that their rights to a fair and impartial trial were being forfeited; that trial counsel failed to develop a trial strategy; that counsel either failed to obtain, or failed to provide plaintiffs with *Brady*, *Jencks*, and *Giglio* material that counsel obtained from the government;[2] that counsel's representation fell below the standard of effective assistance of counsel; and that counsel's conduct violated their right to free speech under the First Amendment to the U.S. Constitution.   Plaintiffs, therefore, sought a declaration that defendants' acts and omissions violated their constitutional rights, a preliminary and permanent injunction ordering defendants to stop their conduct which was unlawfully violating their rights to fair and impartial trials, and compensatory and punitive damages.  (Complaint at 11-12.)

---

[1]      When this Complaint was filed, plaintiffs' convictions were not final and they were inmates at the Metropolitan Detention Center in Guaynabo, Puerto Rico.   On or about April 20, 2009, Rudolph Hubbard was released from the Federal Bureau of Prisons and deported to Guyana in April 2010.  Trevor Dorsett was released from the FBOP on or about April 17, 2012.  Scott Chamberlain was released from the FBOP on or about May 5, 2010.  James Edward Whitted remains in the custody of the FBOP.

[2]      *See Jencks v. United States*, 353 U.S. 657 (1957); 18 U.S.C. § 3500 (the "Jencks Act"); *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

*Hubbard, et al. v. US Attorneys, et al.*
D.C. CV. NO. 2006-179
Order
Page 3

The government moved to dismiss plaintiffs complaint for insufficient service of process upon the United States or the federal defendants acting within their official capacities, and lack of personal jurisdiction pursuant to Rule 12(b)(2) and (5) of the Federal Rules of Civil Procedure. (Motion to Dismiss at 1, Dkt. No. 9, 10.) Hubbard opposed the first motion to dismiss on grounds that the government failed to serve all plaintiffs with its motion to dismiss and that defendants are using legal technicalities in order to obtain an outcome favorable to the government. (Opposition at 1-2, Dkt. No. 12.) Hubbard, Dorsett, and Whitted subsequently argue in joint opposition to the motion to dismiss that defendants are engaged in a "dirty endeavor" to avoid being held liable for their criminal actions by failing to send plaintiffs a copy of their motion to dismiss. (Opposition at 1-3, Dkt. No. 16.) Hubbard, Dorsett, and Whitted made no attempt to explain their failure to serve the complaint upon defendants pursuant to Fed. R. Civ. P. 12(b)(2) and (5). Chamberlain opposed defendants' first motion to dismiss arguing that the issue of service of process had been "elevated way out of proportion" and he properly notified Defendant Mark Hillsman by sending him a copy of the Complaint via registered mail. (Chamberlain Opposition at 2, 4, Dkt. No. 13.) The Court deferred ruling on the first motion to dismiss, ordering Hubbard to "advise the Court after competency to proceed has been established." (Order, ECF No. 21.)

The government's second motion to dismiss (ECF No. 23) reiterated that there was insufficient service upon the United States or the federal defendants acting within their official capacities and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and (5), and 4(i)(1) and 4(i)(2)(A). The government further argued that plaintiffs failed to serve the defendants within the 120 days provided by Fed. R. Civ. P. 4(m); plaintiffs failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); plaintiffs failed to state their claims with sufficient factual allegations to show they are entitled to relief pursuant to Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 55 U.S. 544 (2007); and 42 U.S.C. § 1983 is only viable against employees acting under color of state law, not employees acting under

color of federal law.   The government further argued that, because Hubbard was released from the Federal Bureau of Prisons ("FBOP")  and deported, this matter, like Hubbard's other civil action D.C.CV. No. 2006-025, should be dismissed because Hubbard was no longer in the United States and had not established his competency to proceed in response to the Court's September 30, 2009 Order.

Then, in an Order dated March 31, 2011, the Court noted that plaintiffs had neither paid a filing fee nor sought leave to proceed *in forma pauperis*.  As such, the Court ordered that by April 21, 2011, plaintiffs were required to either pay the appropriate filing fee or submit a complete application to proceed *in forma pauperis*.  The Court also denied the government's motion to dismiss without prejudice.  Dorsett's *in forma pauperis* application was granted on June 7, 2011.  A scheduling order issued on July 21, 2011.  Dorsett moved for appointment of counsel, and said motion was denied.

Now before the Court is the government's third motion to dismiss.  The government maintains its arguments:  that the claims against all federal defendants should be dismissed because there was insufficient service of process upon the United States or the federal defendants in their official capacities pursuant to Fed. R. Civ. P.  12(b)(5); that there was lack of personal jurisdiction pursuant to Fed. R. Civ. P.  12(b)(2); that plaintiffs failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P.  12(b)(6); that plaintiffs failed to state their claims with sufficient factual allegations to meet the threshold established in *Twombly*; and that 42 U.S.C. § 1983 is only viable against employees acting under color of state law, not, as here, employees acting under color of federal law.  The government also argues that the claims of Hubbard, Chamberlain and Whitted should be dismissed for failure to pay the appropriate filing fees or submit a complete application to proceed *in forma pauperis*.

This Court subsequently found that Plaintiffs' Complaint did not lie in tort, but rather in habeas, stating:

*Hubbard, et al. v. US Attorneys, et al.*
D.C. CV. NO. 2006-179
Order
Page 5

although the Complaint is framed as a tort claim, the underlying factual basis consists of an alleged denial of the right to the effective assistance of counsel. The relief the plaintiffs have requested could only be granted upon a finding that they were denied access to constitutionally adequate representation, which would necessarily imply a change to the duration or execution of their sentences. Therefore, because the plaintiffs' claims properly lie in habeas, the Court will construe the Complaint as a petition for writ of habeas corpus.

(*Hubbard v. United States*, D.C. CV. NO. 2006-179, Order ECF 38.)

## II. DISCUSSION

### A. Recharacterization of a pro se petitioner's post-conviction motion.

The Court of Appeals for the Third Circuit ("Third Circuit") has held that:

district courts must first take certain prophylactic measures before recharacterizing a *pro se* petitioner's post-conviction motion as a § 2255 motion *or* ruling on a § 2255 motion denominated as such. More specifically, we prescribe that upon receipt of a *pro se* pleading challenging an inmate's conviction or incarceration-whether styled as a § 2255 motion or not-district courts should issue a form notice to the petitioner regarding the effect of such a pleading in light of AEDPA.

*United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000); *see also United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). Thus, despite the protracted procedural history of this case, the Court will afford plaintiffs the opportunity at this juncture to consent to recharacterization of this matter.

### B. Federal Jurisdiction and Mootness.

Article III, section 2 of the United States Constitution limits federal jurisdiction to actual cases and controversies. U.S. CONST. art. III, § 2, cl. 1. Moreover, the Third Circuit has held that where a petitioner can no longer show any "actual injury traceable to the District Court's decision that can be redressed by a favorable decision[,]" his motion is moot and we lack jurisdiction to consider it. *See generally Okereke v. United States*, 307 F.3d 117, 119, 121 (3d

Cir. 2002) (holding that "because Okereke has not only served his prison term but has also been deported from the United States, all remaining issues regarding sentencing are moot").

The instant complaint, now construed as an action in the nature of habeas corpus, was prematurely filed before plaintiffs' judgments became final. The procedural posture of the various criminal matters for which plaintiffs were awaiting sentencing when this complaint was filed are as follows. Hubbard was found incompetent to stand trial and the government moved to dismiss the indictment charging him with re-entry after deportation. Accordingly, D.C. CR. No. 2006-004, the criminal matter giving rise to this complaint, was dismissed on February 25, 2009 and Hubbard was deported in April 2010. This matter is now moot. *See In re Hubbard*, 226 Fed. Appx. 109, 111 (3d Cir. 2007) (finding that Hubbard's motion seeking an order directing the Assistant U.S. Attorney to comply with 5 U.S.C. § 2906, pertaining to the oath of office for U.S. Attorneys, was moot where his indictment was dismissed).

Chamberlain's conviction (D.C. CR. No. 2004-189) was vacated on appeal and remanded to this Court. *United States v. Chamberlain*, 326 Fed. Appx. 640 (3d Cir. 2009). On remand, Chamberlain sought dismissal of his indictment alleging a violation of his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, because he was not retried within seventy days from June 5, 2009 when the Third Circuit vacated his conviction. This Court, the Honorable Juan R. Sanchez, found that one hundred and four non-excludable days had passed since the Third Circuit issued its mandate, and granted Chamberlain's motion to dismiss without prejudice. (*United States v. Chamberlain*, Memorandum and Order dated May 3, 2010, D.C. CR. No. 2004-189, ECF Nos. 223, 224.) Chamberlain is not under any form of supervision by this Court, and like Hubbard, Chamberlain's matter is now moot.

Whitted's conviction was affirmed on appeal and he is currently serving his federal sentence. *See United States v. Whitted*, 541 F.3d 480 (3d Cir. 2008). Whitted's action is, therefore, not moot.

Dorsett's conviction was affirmed on appeal. *United States v. Petersen*, 622 F.3d 196 (3d Cir. 2010). Dorsett served his term of incarceration, was released from the FBOP in April 2012, with a detainer by the Bureau of Immigration and Customs Enforcement ("BICE") pending deportation. If the instant complaint is construed as a § 2255 motion to vacate Dorsett's conviction, it would not be mooted by his release from the FBOP, because he faces deportation as a collateral consequence of his conviction and the threat of deportation creates a continuing controversy. *See United States v. Romera-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (holding that prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction). Thus, Dorsett's action is not moot.

**C.  Dorsett and Whitted's Surviving Actions**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended section 2255 to impose a one-year limitation period on the filing of section 2255 motions. Accordingly, the statute of limitations begins to run from the latest of:

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  In the context of a section 2255 motion, a judgment becomes final on the later of:

> (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or

> (2) the date on which the defendant's time for filing a timely petition for certiorari review expires.

*See Kapral v. United States*, 166 F.3d 565, 570-71, 575, 577 (3d Cir. 1999) (stating that "the judgment of conviction does not become 'final' until the time for seeking certiorari review expires . . . [because] [o]nly when the time for seeking certiorari review has expired is it appropriate for a defendant to commence a collateral attack on the conviction and sentence."

Accordingly, each remaining *pro se* plaintiff, Whitted and Dorset, is advised pursuant to *Thomas* that:

1)     he can have his 28 U.S.C.A. § 2255 motion ruled upon as filed;
2)     if his motion is not styled as a § 2255 motion, he may have it recharacterized as a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2255 and heard as such, but may lose the ability to file second or successive petitions absent certification by the court of appeals; or
3)     he may withdraw his motion and file one all-inclusive § 2255 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  If not filed within the one-year period, the petition may be barred as untimely.

Whitted and Dorsett are instructed to inform the Court within 30 days of entry of this Memorandum and Order of which option they wish to take.[3]

## III. CONCLUSION

For the reasons stated, the Court finds that because Hubbard and Chamberlain's indictments giving rise to this action were dismissed, and because there is no longer an actual

---

[3]     Under *Thomas,* option one (1) is unavailable here because Plaintiffs did not separate and identify which issues apply to which plaintiffs and against which defendants. Thus, it would be an exercise in futility for this Court to rule upon the instant complaint (now construed as a habeas corpus action) as filed.

*Hubbard, et al. v. US Attorneys, et al.*
D.C. CV. NO. 2006-179
Order
Page 9

case and controversy, their complaint (construed in the nature of a petition for writ of habeas corpus) is now moot. Whitted and Dorsett's actions are not moot and survive as habeas corpus matters. An appropriate Order follows.

**E N T E R:**

**/s/ Curtis V. Gómez**
_____
**CURTIS V. GÓMEZ**
**CHIEF JUDGE**